# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| YVES DEUGOUE, *Plaintiff* § § § § | |
| v. § § § | Case No. 1:23-CV-00753-RP |
| TRANS UNION LLC, *Defendant* § § | |

## ORDER

Now before the Court are Defendant Trans Union LLC's Motion to Quash and for Protective Order of Plaintiff's Deposition Notices to Trans Union and Nikisha Kimp, filed May 8, 2024 (Dkt. 32); Plaintiff's Motion to Compel Rule 30(b)(6) Deposition(s) (Dkt. 35), Motion for Sanctions Pursuant to Rule 37(d) (Dkt. 36), and Motion to Compel Deposition of Nikisha Kimp (Dkt. 37), all filed May 21, 2024; and the associated response and reply briefs. The District Court referred the motions to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"). Dkt. 43.

Plaintiff Yves Deugoue, proceeding *pro se*, sues Trans Union for alleged noncompliance with the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"). Dkt. 1-1. Discovery closes October 3, 2024. Dkt. 21 ¶ 6. Trans Union asks the Court to quash Deugoue's deposition notices for its employee Nikisha Kimp of Pennsylvania, both in her individual capacity and as Trans Union's corporate representative, contending that Deugoue unilaterally set them in Austin, Texas for a date she is unavailable. Deugoue asks the Court to compel the depositions and sanction Trans Union.

For the reasons explained below, the Court grants Trans Union's motion to quash and denies Deugoue's motions.

## I.  Legal Standards

Under Rule 26(b)(1), parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Generally, the scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(1).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." FED. R. CIV. P. 26(c)(1).

> The movant bears the burden of showing that a protective order is necessary, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements. A trial court enjoys wide discretion in determining the scope and effect of discovery, and it is therefore unusual to find an abuse of discretion in discovery matters.

*EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) (cleaned up).

The "universally accepted rule in federal litigation is that, in the absence of special circumstances . . . a party seeking discovery must go where the desired witnesses are normally located." *Work v. Bier*, 107 F.R.D. 789, 793 n.4 (D.D.C. 1985) (citing, *inter alia*, *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979)); *see also Gen. Leasing Co. v. Lawrence Photo-Graphic Supply, Inc.*, 84 F.R.D. 130, 131 (W.D. Mo. 1979) ("In the absence of exceptional or unusual circumstances, when a deponent resides at a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides, even if the deponent is a party."). Having chosen the forum, "it is the plaintiff who is generally required to bear any reasonable burdens of inconvenience that the action represents." *Asevedo v. NBCUniversal Media, L.L.C.*, No. 12-2005, 2013 WL 3155206, at *4 (E.D. La. June 19, 2013) (citation omitted).

"When a dispute arises about the location of a deposition, the Court has broad discretion to determine the appropriate place for a deposition." *Chauvin v. United Parcel Serv., Inc.*, No. 23-392, 2023 WL 4175100, at *8 (E.D. La. June 26, 2023); *see also Cantu v. Mammoth Energy Servs.*, No. SA-19-CV-00615-DAE, 2021 WL 3852034, at *2 (W.D. Tex. Aug. 27, 2021) (stating that courts enjoy "wide discretion in determining the method of discovery, such as the designation of the time and place of a deposition, 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense'") (quoting FED. R. CIV. P. 26(c)(1)(B)).

## II.   Analysis

Trans Union asks the Court to (1) quash Deugoue's notice of non-party Kimp's deposition under Rule 30(b)(1) for improper service, and (2) order that the deposition of its corporate representative be taken on a mutually agreeable date and at a mutually agreeable location in Aldan, Pennsylvania; Chicago, Illinois; or by remote means. The Court addresses the second issue first.

### A.   Deposition of Trans Union's Corporate Representative

Trans Union's principal place of business is Chicago, Illinois. It has designated Kimp as its Rule 30(b)(6) representative. She resides in Aldan, Pennsylvania, and works in Crum Lynee, Pennsylvania. Dkt. 32 at 8. Deugoue does not agree to a remote deposition. Dkts. 32-8, 32-13.

"It is well settled that the deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business, especially when, as in this case, the corporation is the defendant." *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) (cleaned up). A plaintiff seeking to depose the corporate representative at a location other than the corporation's principal place of business must show "good cause" or "peculiar circumstances" that would justify the request. *Noble Cap. Fund Mgmt., LLC v. US Cap. Global Inv. Mgmt., LLC*, No. 1:20-CV-01247-RP, 2022 WL 17347152, at *3 (W.D. Tex. Nov. 30, 2022).

To determine whether the plaintiff has shown good cause, courts have considered whether: (1) counsel for the parties are located in the forum district; (2) the deposing party is seeking to depose only one corporate representative; (3) the corporation chose a corporate representative who resides outside the location of the principal place of business and the forum district; (4) significant discovery disputes may arise and there is an anticipated necessity of resolution by the forum court; and (5) the claim's nature and the parties' relationship is such that an appropriate adjustment of the equities favors a deposition site in the forum district. *Id*.

### 1. Counsel for the Parties Are Not in the Forum District

Deugoue lives in Pittsburg, Texas, about 286 miles from Austin. Dkt. 35 at 4. Trans Union's counsel is in Plano, Texas, about 215 miles from Austin. *Id.* Neither Pittsburg nor Plano is within the Western District of Texas. The first factor weighs heavily against a showing of good cause.

### 2. It Is Unclear Whether Deugoue Seeks to Depose Only One Corporate Representative

Deugoue has noticed only one deposition under Rule 30(b)(6), but it is not clear whether he will seek to depose additional corporate representatives. The Court finds that the second factor is neutral.

### 3. Trans Union's Corporate Representative Resides Outside the Principal Place of Business and Forum District

Trans Union contends that "the available witnesses, with sufficient knowledge and training to provide testimony regarding the deposition topics listed in Plaintiff's Notice of Deposition, work in Crum Lynne, Pennsylvania," and thus reside outside the location of its principal place of business and the forum district. Dkt. 41 at 6. The third factor slightly favors a showing of good cause by Deugoue.

### 4. No Significant Discovery Disputes Requiring Court Resolution Are Anticipated

This appears to be a simple FCRA case. It has proceeded nearly to the close of discovery with no previous dispute requiring Court intervention, and Deugoue identifies no valid reason significant disputes may arise needing resolution by this Court. The fourth factor weighs against a finding of good cause.

### 5. The Equities of the Claim and Parties' Relationship Do Not Favor Deposition in Austin

Trans Union argues that Kimp "would be significantly burdened and inconvenienced if she were required to travel to Austin, Texas for a deposition." Dkt. 41 at 7. And, as Trans Union argues, Deugoue "would still incur travel and lodging expenses" to conduct depositions in Austin, some 286 miles from his home in Pittsburg. *Id.* at 8. The Court finds that the fifth factor is neutral.

### 6. Conclusion as to Corporate Representative Deposition

Considering all relevant factors, the Court finds that Deugoue has shown neither good cause nor "peculiar circumstances" justifying his request to take Trans Union's Rule 30(b)(6) deposition in Austin and so **GRANTS** Trans Union's motion to quash. Both parties agree that the deposition may proceed in Chicago, Trans Union's principal place of business. *See* Dkt. 32-13; Dkt. 32 at 8; Dkt. 40 at 3. The Court **ORDERS** that the deposition of Trans Union's corporate representative proceed **on a mutually agreeable date at a mutually agreeable location in Chicago, Illinois**.

## B. Deposition of Nikisha Kimp in Her Personal Capacity

Trans Union contends that Deugoue improperly served Kimp by notice rather than a subpoena under Rule 45. It argues that Kimp is not an officer, director, or managing agent of Trans Union; she has not consented to having her deposition taken by notice alone; and she is unavailable for a deposition on the date and place Plaintiff unilaterally selected. Deugoue argues that service by notice was proper because Kimp is Trans Union's managing agent. Dkt. 37 at 3.

5

Rule 30(b)(1) allows a party to depose any person by giving reasonable written notice of the deposition. A "specific officer, director, or managing agent of a corporate party may be compelled to give testimony pursuant to a notice of deposition." *Allen v. Experien Info. Sols. Inc.*, No. SA-24-CV-00157-XR, 2024 WL 2988960, at *1 (W.D. Tex. June 13, 2024) (citation omitted). But a corporate employee is not subject to deposition by notice if they do not qualify as an officer, director, or managing agent; instead, their presence must be obtained by subpoena. *Id.* Although not well-defined, many courts have concluded that the standard "remains a functional one to be determined largely on a case-by-case basis." *Id.* at *2 (quoting *E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 268 F.R.D. 45, 48 (E.D. Va. 2010)).

The party asserting that witness is an officer, director, or managing agent bears the burden of proof. *Id.* at *1; *Flores v. Lowes Home Ctrs., L.L.C.*, No. EP-22-CV-00296-KC, 2023 WL 4409850, at *3 (W.D. Tex. July 7, 2023). District courts in the Fifth Circuit have applied the following factors to evaluate managing-agent status: (1) whether the corporation has invested the person with discretion to exercise his or her discretion and judgment in dealing with corporate matters, (2) whether the employee can be depended on to carry out the employer's directions, and (3) whether the individual can be expected to identify him or herself with the interests of the corporation rather than the interests of the adverse party. *Allen*, 2024 WL 2988960, at *2; *Nester v. Textron, Inc.*, No. A-13-CA-920-LY, 2015 WL 1020673, at *8-9 (W.D. Tex. Mar. 9, 2015). An employee can be considered a managing agent "if they had significant independence and/or supervisory responsibility with respect to the aspect of the corporation's activities that are at issue in the case." *Sparling v. Doyle*, No. EP-13-CV-323-DCG, 2015 WL 11570979, at *2 (W.D. Tex. Jan. 9, 2015) (citation omitted).

6

The only evidence Deugoue submits to support his argument that Kimp is a managing agent is two short emails she sent him concerning the investigation into his complaint. Dkt. 37 at 8-11. They show Kimp's title as "Specialist I, Litigation Support." *Id.* Deugoue offers no evidence that she has discretionary authority over the matters at issue in this litigation. The Court finds that Deugoue has not carried his burden to show that Kimp is a managing agent for Trans Union as to the issues of this litigation instead of an ordinary employee subject to deposition by the subpoena process. *Allen*, at *3. The Court **GRANTS** Trans Union's motion to quash the notice for Kimp's deposition under Rule 30(b)(1) on May 16, 2024, for improper service.

Trans Union states that: "If Plaintiff properly serves Ms. Kimp for a 30(b)(1) deposition, Trans Union requests that her deposition takes place either in Pennsylvania or by remote means." Dkt. 32 at 8 n.1. Now that Trans Union has designated Kimp as its Rule 30(b)(6) representative and the Court has ordered that its corporate deposition will be taken in Chicago, in the interests of efficiency, the Court encourages (1) the parties to agree that Kimp's deposition in her individual capacity will take place on the same date (or consecutive dates) at the same location, and (2) Kimp to consent deposition in her individual capacity by notice alone.

**C. Deugoue's Motions to Compel and for Sanctions**

For the same reasons that the Court grants Trans Union's motion to quash and for protective order, it **DENIES** Deugoue's motions to compel the deposition of Kimp and Trans Union's corporate representative. The Court also **DENIES** Deugoue's motion for sanctions under Rule 37(d). As provided in Rule 37(d)(2), Trans Union and Kimp did not fail to appear for deposition because Trans Union objected to the deposition notices and filed a motion for protective order under Rule 26(c) on May 8, 2024, before the unilaterally noticed date of May 16, 2024 for both depositions.

### III.    The Parties Must Cooperate in Discovery and Follow All Court Rules

A response to a discovery motion is limited to 10 pages, and a reply to 5 pages. Local Rules CV-7(d)(3), CV-7(e)(3). One of Deugoue's reply briefs is 6 pages (Dkt. 45), and both that brief and his response to Trans Union's motion to quash (Dkt. 38) include excessive material in footnotes, which must not be used to circumvent page limits. Deugoue also filed two "Notices" to the Court concerning the pending motions, which are not allowed under Rule CV-7(e)(1) ("Absent leave of court, no further submissions on the motion are allowed."). While courts traditionally afford leniency to *pro se* litigants, *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998), such a litigant "has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986); *see also Plata v. City of San Antonio*, No. SA-23-CV-00235-JKP, 2024 WL 2834500, at *5 (W.D. Tex. June 4, 2024) (stating that plaintiff's "*pro se* status does not excuse him from knowing and following the Court's requirements"). This Magistrate Judge may strike any future pleadings that do not comply with Local Rule CV-7.

The Court concludes by noting that more than a week passed without explanation while Trans Union's counsel tried to obtain dates for its Rule 30(b)(6) deposition (from April 9 to the April 17, 2024 unilateral notices), and Deugoue improperly refuses to offer any dates for his own deposition. Both parties are admonished of their obligation to comply with the Federal Rules of Civil Procedure and the Local Rules and to work cooperatively to attempt to resolve any future discovery issues promptly and amicably, without the need for further intervention by the Court. *E.g.*, FED. R. CIV. P. 1 (requiring that the rules be employed by the court and the parties "to secure the just, speedy, and inexpensive determination of every action and proceeding"); *Collins v. Easynews, Inc.*, No. A-06-CA-451-LY, 2007 WL 9701619, at *2 (W.D. Tex. May 17, 2007) (Pitman, M.J.).

### IV.  Conclusion

The Court **GRANTS** Trans Union LLC's Motion to Quash and for Protective Order of Plaintiff's Deposition Notices to Trans Union and Nikisha Kimp (Dkt. 32) and **DENIES** Plaintiff's Motion to Compel Rule 30(b)(6) Depositions (Dkt. 35), Motion for Sanctions Pursuant to Rule 37(d) (Dkt. 36), and Motion to Compel Deposition of Nikisha Kimp (Dkt. 37).

**IT IS ORDERED** that Deugoue shall take Kimp's deposition as Trans Union's corporate representative under Rule 30(b)(6) **by notice for a mutually agreeable date at a mutually agreeable location in Chicago, Illinois**.

**IT IS FURTHER ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Robert Pitman.

**SIGNED** on August 7, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE