# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| YVES DEUGOUE, *Plaintiff* § § § | |
| v. § § § | Case No. 1:23-CV-00753-RP |
| TRANS UNION LLC, *Defendant* § § | |

## ORDER

Now before the Court are:

- Defendant Trans Union LLC's Motion for Extension of Discovery and Dispositive Motions Deadlines, filed September 25, 2024 (Dkt. 50);
- Plaintiff's Motion to Quash Defendant's Unilateral Notice of Deposition, filed October 1, 2024 (Dkt. 51), and Corrected Motion to Quash and for Protective Order of Defendant's Unilateral Notice of Deposition, filed October 1, 2024 (Dkt. 54);
- Defendant Trans Union LLC's Motion to Compel and for Attorneys' Fees, and Memorandum in Support, filed October 3, 2024 (Dkt. 52);
- Plaintiff's Motion to Compel and to Allow Limited Discovery (Rule 30(b)(1) Deposition of Defendant Employee Nikisha Kimp and Rule 30(b)(6) Deposition of Defendant) Beyond Discovery Deadline, filed October 3, 2024 (Dkt. 55);
- Plaintiff's Motion for Sanctions Pursuant to Rule 37 and the Court's Inherent Powers, filed October 3, 2024 (Dkt. 56);
- Plaintiff's Motion to Strike Defendant's (Dkt. 52) Motion to Compel and for Attorney Fees or Alternatively Plaintiff's Motion to Compel Discovery, filed October 7, 2024 (Dkt. 58);
- Plaintiff's Motion to Strike Defendant's (Dkt. 59) Response to Plaintiff's (Dkt. 54) Motion to Quash, filed October 17, 2024 (Dkts. 64 & 65);

and the associated response and reply briefs. By Text Orders entered October 3, October 7, October 15, and October 21, 2024, the District Court referred each of the motions to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. The Court held a hearing on the motions on November 12, 2024, at which Plaintiff, who is proceeding *pro se*, and counsel for Defendant were present.

## I.   General Background

On June 1, 2023, Plaintiff Yves Deugoue, a resident of Pittsburg, Texas, filed this suit in state court against Defendant Trans Union LLC, a Chicago, Illinois-based credit reporting agency. Dkt. 1-1. Deugoue alleges that Trans Union violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"), by "misreporting" that his credit card debt "was more than $16,000 higher that Plaintiff's actual debt with Discover." *Id.* at 6-7. He alleges that in June 2022, he "was denied a total credit line of $55,000 on account of . . . Trans Union's credit report." *Id.* at 7. Deugoue alleges that Trans Union agreed to "fix Plaintiff's credit report" but "denied compensating Plaintiff monetarily for the torts caused to Plaintiff." *Id.* at 8. Deugoue asserts negligent and willful non-compliance with the FCRA and seeks injunctive relief and compensatory and punitive damages.

On July 3, 2023, Trans Union removed this action to federal court on the basis of federal question jurisdiction under 28 U.S.C. § 1446(b). Dkt. 1. Although Trans Union filed an Answer, Deugoue moved for default judgment. Dkt. 5. The District Court denied the motion as premature and without merit. Dkt. 14. On January 24, 2024, the Court entered a Scheduling Order requiring discovery to be completed by October 3, 2024, and dispositive motions to be filed by December 2, 2024. Dkt. 21.

On May 8, 2024, Trans Union moved to quash deposition notices to Trans Union and its Rule 30(b)(6) representative, Nikisha Kimp ("Kimp") of Aldan, Pennsylvania, both in her individual capacity and as Trans Union's corporate representative, contending that Deugoue unilaterally set the depositions in Austin, Texas for a date Kimp was unavailable. Dkt. 35. Deugoue asked the Court to compel the depositions and sanction Trans Union. Dkt. 36. The Court denied Deugoue's motion to compel and granted Trans Union's motion to quash. August 7, 2024 Order, Dkt. 47 at 5, 7. Because both parties agreed that the depositions could proceed in Chicago, Trans

2

Union's principal place of business, the Court further ordered that "Deugoue shall take Kimp's deposition as Trans Union's corporate representative under Rule 30(b)(6) **by notice for a mutually agreeable date at a mutually agreeable location in Chicago, Illinois**." *Id.* at 9.

In its August 7, 2024 Order, the Court also noted that both parties had been uncooperative in scheduling the depositions, and "admonished [them] of their obligation to comply with the Federal Rules of Civil Procedure and the Local Rules and to work cooperatively to attempt to resolve any future discovery issues promptly and amicably, without the need for further intervention by the Court." *Id.* at 8. Because Deugoue had repeatedly violated the Local Rules, the Court also warned him that it "may strike any future pleadings that do not comply with Local Rule CV-7," and that the fact he is a *pro se* litigant does not give him a "'license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Id.* at 8 (quoting *Farguson v. Mbank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)).

Despite the Court's admonition and warnings, Deugoue has filed seven more discovery-related motions, and Trans Union has filed two. Most of these motions relate to Deugoue and Kimp's depositions, which have yet to be taken.

## II. Legal Standards

Rule 26(b)(1) provides that parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26. Thus, the scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 820 (5th Cir. 2004)).

After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a)(1). Once the moving party establishes that the materials requested fall within the scope of discovery, the burden shifts to the nonmovant to show "how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018).

Under Rule 26(c)(1), "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." The movant bears the burden of showing that a protective order is necessary, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements. *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017).

A trial court enjoys wide discretion in determining the scope and effect of discovery, and it is therefore unusual to find an abuse of discretion in discovery matters. *Id.*

### III.   Analysis

As stated from the bench during the hearing, the Court rules as follows.

### A. Deugoue's Motion to Quash his Deposition Notice and for Protective Order

On September 24, 2024, Trans Union served a Notice of Deposition setting Deugoue's deposition for October 1, 2024, a date he had offered one month earlier. Dkt. 54 at 28-29. Deugoue asks the Court to quash the "unilateral" Notice of Deposition, arguing that Trans Union failed to consult him about the date before sending the deposition notice. *Id.* at 4. Trans Union disputes this and argues that it has been seeking to depose Deugoue since April 2024, but "Plaintiff has continually been uncooperative and had refused to provide Trans Union counsel with dates of availability for his deposition." Dkt. 59 at 10. The record supports Trans Union.

4

On August 20, 2024, defense counsel emailed Deugoue to set up a conference call "to discuss the coordination of the depositions and potential early resolution." Dkt. 59-1 at 5. The parties talked by phone for more than an hour on August 26, 2024, during which Deugoue told defense counsel that he would be unavailable in September and available for deposition only October 1, 2, or 3, 2024. Dkt. 59-1 at 2, 3. Defense counsel told Deugoue during this call and in an email the next day that because their "**discovery cutoff is on 10/3/2024** . . . we need to conduct the depositions in the next 2 weeks and to request the judge to extend our deadlines." *Id.* at 2. Defense counsel asked Deugoue "to confirm by tomorrow afternoon whether you will agree to join the motion requestion the court to extend our deadlines." *Id.* Deugoue did not respond. *Id.*

Deugoue and defense counsel had two more calls on September 16 and September 20, 2024. Dkt. 59 at 3; Dkt. 59-2 at 2. On September 24, 2024, defense counsel asked Deugoue to "join in our motion to extend the deadlines" if he was not available for deposition before October 3, 2024. Dkt. 59-5 at 2. In response, Deugoue neither agreed to an extension nor mentioned his deposition. Defense counsel replied:

> In light of our continued settlement discussions, and need for both parties' deposition, I will be filing for a 60-day extension of the discovery deadline in this case. Please let me know by the end of the day today if you still oppose. If I do not hear from you by the end of the day today, I will file as an opposed extension of deadlines.

*Id.* at 2-3. Deugoue did not respond and Trans Union then served Deugoue with the Notice of Deposition for October 1, 2024. Dkt. 59 at 3. Over the next several days, counsel made several attempts to confirm Deugoue's availability for deposition on October 1, 2024, and to "[p]lease let me know ASAP if you are not planning to attend." Dkt. 59-9 at 2; *see also* Dkts. 59-7 at 2, 59-8 at 2-3, 59-10 at 2, 59-11 at 2. Deugoue did not say whether he would appear. Dkt. 59-8 at 2.

On September 30, 2024, Deugoue emailed defense counsel: "I intend to file a Motion to Quash, a Motion for Sanctions, and a Motion to Compel and to Allow Limited Discovery (Rule 30(b)(6)

5

Deposition of Defendant and Rule 30(b)(6) Deposition of Defendant's Employee Nikisha Kimp) outside Discovery Deadline." Dkt. 59-12 at 2. In response, defense counsel asked Deugoue if he would attend his deposition the next day. Dkt. 59-13 at 5. Deugoue replied:

> You continue to ask me the same question over and over again, for the sole purpose of harassing, when I already answered said question repeatedly, including in our telephonic conversations. **I NEVER SCHEDULED ANY DEPOSITION WITH YOU FOR TOMORROW. I AM NOT RESPONSIBLE FOR WHATEVER YOU DECIDE TO DO ON THIS MATTER.**

*Id.* at 4. Defense counsel responded:

> To be clear, Trans Union is not attempting to harass you in any way, but rather is seeking to determine whether you plan to show up for tomorrow's deposition. . . . There are costs and fees for Trans Union in coordinating these Depositions, and I would simply like to know whether you plan to attend or not. You have responded to each of my emails **but fail to address the specific issue of whether you will attend tomorrow's 30(b)(1) Deposition**.

*Id.* at 3-4. Deugoue did not answer the question and failed to appear for his deposition. *Id.* at 2-3.

Based on these facts, Deugoue does not show good cause for his motion to quash and for a protective order under Rule 26(c)(1). Defense counsel sufficiently conferred with Deugoue before serving the deposition notice. Deugoue offered the October 1, 2024 date and never said he would be unable to attend. Deugoue also never explained why he could not attend and refused to cooperate with defense counsel and agree to another date for his deposition.

For these reasons, the Court **DENIES** Plaintiff's Motion to Quash Defendant's Unilateral Notice of Deposition (Dkt. 51) and Plaintiff's Corrected Motion to Quash and for Protective Order of Defendant's Unilateral Notice of Deposition (Dkt. 54). The Court **ORDERS** the parties to confer, serve notice, and complete Deugoue's deposition remotely **on a mutually agreeable date between January 3 and January 17, 2025**.

**B. Trans Union's Motion to Compel and for Attorneys' Fees**

On November 20, 2023, Trans Union served written discovery on Deugoue, including its First Set of Interrogatories and First Requests for Production. Dkt. 52-1. The discovery requests seek information related to Deugoue's claims and requested damages, as well as Trans Union's defenses. Deugoue responded to many of the requests only with objections. Dkt. 52-2. Trans Union moved to compel responses to Interrogatories Nos. 2, 3, 4, 7, 9, 10, 12, 13 and 15 and Request for Production No. 14. Dkt. 52. During the hearing, Trans Union agreed to withdraw its Motion to Compel as to Interrogatories Nos. 12 and 13.

Deugoue agreed to supplement his responses to the disputed interrogatories requests and to produce any documents within his possession, custody, or control responsive to Request for Production No. 14. The Court finds that Trans Union is entitled to the discovery because the requests are relevant to the claims and proportional to the needs of the case under Rule 26(b)(1).

Accordingly, Trans Union's Motion to Compel and For Attorney's Fees is **GRANTED** as to Interrogatories Nos. 2, 3, 4, 7, 9, 10, and 15 and Request for Production No. 14. The Court **STRIKES** Deugoue's objections and **ORDERS** him to serve supplemental responses to these interrogatories and produce responsive documents by **December 6, 2024**. The Court **DENIES** th request for attorney's fees

**C. Deugoue's Motion to Compel and to Allow Limited Discovery**

Deugoue again asks the Court to compel the deposition of Kimp, which he never noticed despite the Court's August 7, 2024 Order to do so. Dkt. 47 at 9. The Court **GRANTS** Plaintiff's Motion to Compel and to Allow Limited Discovery (Dkt. 55) and **ORDERS** the parties to confer, serve notice, and complete Kimp's deposition **on a mutually agreeable date between January 3 and January 17, 2025 at a mutually agreeable location in Chicago, Illinois**.

**D. Trans Union's Motion for Extension of Discovery and Dispositve Motions Deadlines**

Trans Union requests a 60-day extension of the discovery and dispositive motion deadlines in the Agreed Scheduling Order. Rule 16(b)(4) provides that "[a] scheduling order may be modified only for good cause and with the judge's consent." The good cause standard requires the movant to show that "the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Olivarez v. T-mobile USA, Inc.,* 997 F.3d 595, 602 (5th Cir. 2021) (quoting *S&W Enters., LLC v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003)). There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Companies, LLC*, 782 F.3d 224, 237 (5th Cir. 2015) (cleaned up).

All elements have been met. Trans Union filed its motion before the deadlines in the Amended Scheduling Order expired and worked diligently to complete discovery by the deadline, but needs more time to depose Deugoue and to obtain discovery from him because of his lack of cooperation. An extension of the discovery deadline is also necessary for Deugoue to depose Kimp. An extension will benefit both parties, and neither will be prejudiced. Trans Union has shown good cause to modify the Scheduling Order.

Defendant's Motion for Extension of Discovery and Dispositive Motions Deadlines (Dkt. 50) is **GRANTED.** The Scheduling Order will be modified to extend the discovery deadline until **January 17, 2025** and extend the dispositive motions deadline until **February 28, 2025**. Trial will commence on **July 14, 2025**.

### E. Deugoue's Motions for Sanctions and Motions to Strike

Deugoue repeatedly moves to strike Trans Union's pleadings for failing to contain certificates of conference and argues that it should be sanctioned for failing to cooperate in the discovery process. Dkts. 56, 58, 64, 65. As stated on the record, none of these motions are well taken and all are **DENIED**. The Court again admonishes Deugoue that his *pro se* status gives him "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson*, 808 F.2d at 359. The Court **HEREBY WARNS** Deugoue that it will strike any future frivolous filings.

### F. Warning

The parties are once again admonished of their obligation to comply with the Federal Rules of Civil Procedure and the Local Rules and to work cooperatively to attempt to resolve any future discovery issues promptly and amicably, without the need for further intervention by the Court. If the parties fail to comply with any aspect of this Order, the Court may impose sanctions against the offending party, including:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

### IV. Summary of Rulings

The Court:

- **GRANTS** Defendant's Motion for Extension of Discovery and Dispositive Motions Deadlines (Dkt. 50). The Scheduling Order (Dkt. 21) will be modified to extend the discovery deadline until **January 17, 2025** and the dispositive motions deadline until **February 28, 2025**. Jury trial will commence on **July 14, 2025**;

- **DENIES** Plaintiff's Motion to Quash Defendant's Unilateral Notice of Deposition, (Dkt. 51) and Corrected Motion to Quash and for Protective Order of Defendant's Unilateral Notice of Deposition (Dkt. 54). The Court **ORDERS** the parties to confer, serve notice, and complete Deugoue's deposition remotely **on a mutually agreeable date between January 3 and January 17, 2025**;

- **GRANTS IN PART and DENIES IN PART** Defendant's Motion to Compel and for Attorneys' Fees (Dkt. 52). The Court **GRANTS** the Motion to Compel as to Interrogatories Nos. 2, 3, 4, 7, 9, 10 and 15 and Request for Production No. 14, but **DENIES** the request for attorneys' fees. The Court **STRIKES** Plaintiff's objections and **ORDERS** Plaintiff to respond to Defendant's discovery requests and produce responsive documents by **December 6, 2024**;

- **GRANTS** Plaintiff's Motion to Compel and to Allow Limited Discovery (Dkt. 55). The Court **ORDERS** the parties to confer, serve notice, and complete Kimp's deposition **on a mutually agreeable date between January 3 and January 17, 2025 at a mutually agreeable location in Chicago, Illinois**;

- **DENIES** Plaintiff's Motion for Sanctions (Dkts. 56), Motion to Strike Defendant's Motion to Compel and for Attorney Fees or Alternatively Plaintiff's Motion to Compel Discovery (Dkt. 58), and Motion to Strike Defendant's Response to Plaintiff's Motion to Quash (Dkts. 64 & 65).

**IT IS FURTHER ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Robert Pitman.

**SIGNED** on November 13, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

10